UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WAYNE WILLIS,

    Plaintiff,

v.

STEVEN NEWBOLD,

    Defendant.

Case No. 17-cv-536-JPG-RJD

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 44) of Magistrate Judge Reona J. Daly recommending that the Court grant defendant Steven Newbold's motion for summary judgment (Doc. 35) and motion to strike (Doc. 39). Plaintiff Wayne Willis has objected to the Report (Docs. 48 & 50), and Newbold has responded to those objections (Doc. 51).

**I.    Report Review Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**II.    Background**

This case arose after Willis, an inmate at Menard Correctional Center ("Menard") at all relevant times, sought medical treatment in March 2016 for toothache and associated pain. He alleges that Newbold, a dentist at Menard, was deliberately indifferent to his serious medical need by failing to schedule a prompt dental appointment and failing to provide him with pain medication or other over-the-counter treatment without an appointment.

**III.    Report**

In the Report, Magistrate Judge Daly recommends the Court strike affidavits from fellow inmates and other documents offered by Willis in opposition to summary judgment. Her recommendation is not on the grounds that Willis failed to disclose the witnesses and documents in discovery and/or failed to authenticate or provide a foundation for them as Newbold argues, but instead on the grounds that the evidence is not relevant to the issues before the Court in the summary judgment motion.

Additionally, Magistrate Judge Daly finds that there is evidence from which a reasonable jury could find that Willis had a serious dental need but not that Newbold was deliberately indifferent to it, that is, that he was aware of the need and responded with indifference. She notes that the evidence shows Willis sent kites (letters) to Newbold after his tooth pain began in March 2016 but that kites regarding dental problems would go to the dental office associate, who would then schedule a dental appointment for the inmate. On May 13, 2016, Newbold ran into Willis in the Menard health care unit when he was there for an eye exam. There, Willis told him about his dental condition, and Newbold said he had gotten Willis's kites but could not treat him at that time because there was a long waiting list of patients he needed to see. Another dentist saw Willis on May 20, 2016, and treated him thereafter until his symptoms resolved. That dentist determined Willis did not have any tooth infection, although he had an innocuous cracked tooth.

Magistrate Judge Daly finds that there is no evidence when Willis sent the kites, when Newbold became aware of them, or what they said that would have alerted Newbold to a serious dental need. Furthermore, once Newbold ran into Willis in the health care unit, Willis was seen by a dentist within a week. Magistrate Judge Daly concludes that there is no evidence that any delay in treating Willis—between whenever Newbold became aware of the kites and when the other dentist saw him—was unreasonable or that it exacerbated his condition, since all exams and x-rays showed

2

he suffered from no infection.

**IV.    Objections and Analysis**

Because Willis filed broad objections, the Court reviews the entire matter *de novo*. In his objections, Willis asks the Court not to strike the affidavits and documents he tendered with his response. He argues that he did not produce the affidavits because he did not obtain them until after Newbold filed his motion for summary judgment, and that Newbold was already aware of the other documents (prison policies). He further argues that the prison policies reflected in the documents are relevant because they require a dental visit no later than the next working day for a dental emergency as defined by the staff dentist (Doc. 38-1 at 7).

The Court considers *de novo* the question of striking documents and finds Magistrate Judge Daly is correct in her conclusion that the documents are not relevant to the issues before the Court. The Court considers only when Newbold became aware of Willis's dental problems, what he knew about them, and whether he responded reasonably in light of what he knew. The documents Newbold wants stricken do not speak to those issues. As for the emergency dental policy, it is not relevant because there is no evidence Willis suffered from a dental emergency as defined by the staff dentist or that Newbold knew about any emergent nature of Willis's problem. In fact, the dentist who ultimately saw Willis did not even find an infection when he examined Willis, although he found a routine, non-emergent cracked tooth. Magistrate Judge Daly is correct in her conclusion that the documents should be stricken because they are irrelevant to the issues before the Court.

Willis also objects to Magistrate Judge Daly's factual findings, claiming they are impermissible credibility findings at the summary judgment stage. For example, he points to her finding that it was not clear when Willis sent kites to Newbold. This was not a credibility determination but came directly from Willis's deposition testimony: "Q. Do you remember when you wrote kites to Dr. Newbold? A. No." Willis Dep. 41:21-23 (Doc. 36-1 at 41). Willis also

complains that Magistrate Judge Daly found no evidence of the contents of the kites, yet Willis points to no such evidence. The Court has reviewed Magistrate Judge Daly's factual findings and has determined that they are properly made based on the evidence in the record and not impermissible credibility findings.

Finally, Willis likens this case to one of his prior cases, *Willis v. Chapman*, No. 09-cv-273-JPG-PMF. In that case, the Court denied summary judgment where there was conflicting evidence about critical facts—whether fillings had come out of Willis's teeth at the relevant time and whether the defendant had properly prescribed pain medication. Here, there is no conflicting evidence; there is either undisputed evidence against Willis's position or an absence of evidence in his favor. Either is insufficient to resist summary judgment.

## V. Conclusion

For these reasons, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 44);

- **OVERRULES** Willis's objections (Docs. 48 & 50);

- **GRANTS** Newbold's motion for summary judgment (Doc. 35) and motion to strike (Doc. 39); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: May 21, 2019**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
